IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Michael Alonza Rufus, | ) |
|---|---|
| Petitioner, | ) C/A No. 6:19-0952-MBS ) ) |
| vs. | ) ) **ORDER AND OPINION** |
| Warden, Autry State Prison, | ) ) |
| Respondent. | ) ) ) |

Petitioner Michael Alonza Rufus is an inmate in custody of the Georgia Department of Corrections. He currently is housed at Autry State Prison in Pelham, Georgia. Petitioner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on April 25, 2019, challenging a 1996 conviction in Lee County, South Carolina, for possession with intent to distribute marijuana. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

The Magistrate Judge reviewed the § 2254 petition pursuant to the Rules Governing Section 2254 Cases and the Anti-Terrorism and Effective Death Penalty Act of 1996. The Magistrate Judge first noted that the petition is subject to summary dismissal because Petitioner no longer is in custody for purposes of § 2254. See 28 U.S.C. § 2254 (noting that a court shall entertain a § 2254 petition when a person "in custody pursuant to the judgment of a State court" alleges a violation of the Constitution or federal law). The Magistrate Judge further determined that, even if Petitioner were considered to be "in custody" for purposes of challenging the 1996 Lee County charge, his § 2254 petition is without merit because Petitioner's ground for relief is that he is a "sovereign citizen" not subject to the jurisdiction of the court. See  https://definitions.uslegal.com/s/sovereign-

citizen/ (accessed May 15, 2019).[1]  Accordingly, on April 25, 2019, the Magistrate Judge issued a Report of Magistrate Judge in which he recommended that the case be summarily dismissed without requiring Respondent to file a return.  Petitioner filed a motion for recusal and disqualification on May 3, 2019, and objections to the Report of Magistrate Judge on May 13, 2019 and May 20, 2019.

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight.  The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  Id.  This court is obligated to conduct a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  Id.  However, the district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

DISCUSSION

A.	§ 2254 Petition

In appears Petitioner seeks to have his Lee County conviction declared void because the conviction was used to enhance his current sentence in Georgia.  In his objections, Petitioner reiterates his assertion that the state court had no jurisdiction over him as a private citizen who has "not lawfully or legally . . . waived [his] naturally God given birthright by social contracting."  ECF

---

[1] The Magistrate Judge also declined to construe the § 2254 petition as a petition brought pursuant to 28 U.S.C. § 2241, as requested by Petitioner.  As the Magistrate Judge properly observed, § 2254 is the proper vehicle for challenging a state criminal conviction and sentence.

2

No. 19. See https://en.wikipedia.org/wiki/Sovereign_citizen_movement (accessed May 15, 2019) (noting theory that Fourteenth Amendment "converted sovereign citizens into federal citizens by their agreement to a contract to accept benefits from the federal government"). As the Magistrate Judge correctly noted, arguments such as those raised by Petitioner regarding his citizenship status "have been uniformly rejected as legally frivolous" by the courts. Zahir v. McKeefery, Civil Action No. PX-19-1271, 2019 WL 1980352 (D. Md. May 3, 2019). Petitioner's objections are without merit.

B.   Recusal

Petitioner contends the undersigned and the Magistrate Judge should be recused because they are "party participants to this concealment and show an obvious commitment to continuing their part in the unconstitutional practice presently and previously as practitioners of law." ECF No. 17, 4. To merit recusal, the alleged bias or prejudice of the judge must result in an opinion on the merits of a case on some basis other than what the judge learned from his participation in the case. Belue v. Leventhal, 640 F.3d 567, 572-73 (4th Cir. 2011) (citing Liteky v. United States, 510 U.S. 540, 545 n.1 (1994)). Judicial rulings and opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings almost never constitute a valid basis for a bias or partiality motion. Id. at 573 (quoting Liteky, 510 U.S. at 555. Petitioner's motion (ECF No. 17) is denied.

## CONCLUSION

The court adopts the Report of Magistrate Judge and incorporates it herein by reference. For the reasons stated herein and in the Report of Magistrate Judge, Petitioner's § 2254 petition is summarily **dismissed** without requiring Respondent to file a return. Petitioner's motion for recusal

(ECF No. 17) is **denied**.

CERTIFICATE OF APPEALABILITY

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that Petitioner has not made the requisite showing.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

June 3, 2019

**NOTICE OF RIGHT TO APPEAL**

**Petitioner is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**